**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 1, 2013

LETTER TO COUNSEL

    RE:    *Anthony Paolini v. Michael J. Astrue, Commissioner of Social Security*;
             Civil No. SAG-10-3251

Dear Counsel:

    On November 17, 2010, claimant Anthony Paolini petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, Mr. Paolini's reply, and his supplemental authority. (ECF Nos. 16, 27, 30, 33). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

    Mr. Paolini filed his claim for benefits in November, 2007, alleging disability beginning on March 31, 2007.[1] (Tr. 115-22). His claim was denied initially on March 7, 2008, and on reconsideration on August 1, 2008. (Tr. 69-73, 84-87). After a hearing on July 31, 2009, (Tr. 27-59), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits based on a determination that Mr. Paolini was not disabled. (Tr. 7-24). The Appeals Council denied Mr. Paolini's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

    The ALJ found that Mr. Paolini suffered from the severe impairments of major depression with psychotic features, schizoaffective disorder, anxiety disorder with panic attacks, and a history of alcohol abuse. (Tr. 12). Despite these impairments, the ALJ found that Mr. Paolini had retained the residual functional capacity ("RFC") to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to jobs with less than 12 co-workers that allow him to work at his own pace.

---

[1] He later amended his onset date to September 1, 2007.

*Anthony Paolini v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-3251
February 1, 2013
Page 2


(Tr. 14). The ALJ considered testimony from a vocational expert ("VE"), and concluded that Mr. Paolini could perform his past relevant work as a medical transcriptionist. (Tr. 20).

    Mr. Paolini makes several arguments in support of his appeal. I agree that the ALJ did not provide sufficient information for me to assess his conclusion that Mr. Paolini did not meet Listings 12.03 and 12.04. Moreover, the ALJ did not cite substantial evidence to establish Mr. Paolini's ability to fulfill the pace requirements of his past relevant work. Remand is therefore warranted.

    Mr. Paolini contends that he fulfills the requirements of Listings 12.03 and 12.04. Specifically, he contends that he meets subsection C3, which requires:

> [c]urrent history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

In 2007, Mr. Paolini began living at the Westminster Rescue Mission, which, according to Mr. Paolini's testimony, is oriented towards assisting people with substance abuse problems. (Tr. 43). Mr. Paolini moved to the Way Station in 2008, where he lived at the time of the hearing in 2009. *Id.* He selected the Way Station due to his dual diagnosis of substance abuse and mental health issues. *Id.* The Way Station is a controlled residential environment where residents check in for their medications and report their whereabouts to the center. (Tr. 44). One of Mr. Paolini's medical sources, Carol C. Huff, LCSW-C, CCDC, opined that, "Mr. Paolini also has a current history of more than 1 year of inability to function outside a highly supportive living arrangement." (Tr. 389). Despite this evidence, the ALJ provided no explanation of her analysis regarding subsection C3. The opinion simply states, "[t]here is no evidence of repeated episodes of decompensation, evidence that a minimal increase in mental demands would cause the claimant to decompensate, or a current history of an inability to function outside of a highly supportive living arrangement required by paragraph C of sections 12.03 and 12.04." (Tr. 14). Without any evidence or explanation to support that finding, remand is necessary.

    In addition, the ALJ determined that Mr. Paolini's RFC limited him to jobs "that allow him to work at his own pace." (Tr. 14). However, the ALJ made no findings as to the pace at which Mr. Paolini can work. The VE testified that, at Mr. Paolini's past relevant work as a medical transcriptionist, "[y]ou can pretty much set your own pace, so long as you can work at a competitive level." (Tr. 54). The VE further noted a need to "work at a productive pace" and satisfy "production expectations and quotas or standards." *Id.* Without further explanation, I cannot find substantial evidence to support the notion that Mr. Paolini is capable of working at the pace required to perform his past relevant work.

    Mr. Paolini makes several additional arguments in support of his appeal. Although I need not address each of the remaining issues Mr. Paolini has raised because the case will be remanded for further proceedings, on remand the ALJ should carefully review the evidence in accordance with the applicable legal standards. In so holding, I express no opinion on whether

*Anthony Paolini v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-3251
February 1, 2013
Page 3

the ALJ's ultimate conclusion that Mr. Paolini was not entitled to benefits was correct or incorrect.

For the reasons set forth herein, Mr. Paolini's motion for summary judgment (ECF No. 16) and Defendant's motion for summary judgment (ECF No. 27) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge